Argued February 3, reversed and remanded February 17, 1965

## WALKER *v.* HIGGENBOTHAM

398 P. 2d 162

*George V. Des Brisay,* Portland, argued the cause for appellant. With him on the brief were Franklin, Olsen, Bennett & Des Brisay.

No appearance for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action to recover the value of a mare whose death is alleged to have been caused by the negligence of defendant in shoeing her. The jury returned a verdict in favor of plaintiff. Plaintiff appeals from a judgment n. o. v.

Plaintiff hired defendant to shoe plaintiff's horse. Defendant placed shoes on each of the hind hoofs leaving extensions of about one and one-quarter inches from the rear part of the hoofs. The extensions are referred to as "trailers" in the horseshoeing trade. After it was shod the horse was put to pasture. The following morning plaintiff found the horse lying dead with her hind hoofs tangled in her halter as a result of which her head had been pulled down between her front legs. The evidence shows that the "trailers" on the horseshoes had caught in the halter.

■ The undisputed evidence establishes the fact that the trailers on the horseshoes became entangled in the halter and that the mare's head and neck had been pulled forward and down almost to the stomach. It is highly probable that the mare died in the struggle to free herself from her predicament. There was, therefore, evidence from which the jury could have found the necessary causal connection between defendant's conduct and the mare's death.

■ The remaining question is whether there is evidence of negligence. Several witnesses engaged in the horseshoeing trade expressed the opinion that it was

not good practice normally to leave trailers on horse-shoes. The opinion was also expressed that harm is likely to result to a horse if trailers are left on the horseshoes. From the testimony it appears that horses sometimes scratch themselves with their hind feet. The jury could have found that the defendant, knowing all this, could have foreseen that harm, including the harm actually caused in this case, might result from leaving trailers on the mare's shoes.

The judgment is reversed and the cause is remanded with the direction to reinstate the judgment on the verdict.

PERRY, J., did not participate in the decision of this case.